TAFT STETTINIUS & HOLLISTER LLP
JOHN M. MUELLER *Pro Hac Vice Applicant*
mueller@taftlaw.com
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
Telephone:   (513) 381-2838
Facsimile:   (513) 381-0205

COOLEY GODWARD KRONISH LLP
KENT M. WALKER (173700)
kmwalker@cooley.com
DAVID FOX (254651)
dfox@cooley.com
4401 Eastgate Mall
San Diego, CA  92121
Telephone:   (858) 550-6000
Facsimile:   (858) 550-6420

Attorneys for Defendant
BIG LOTS STORES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>BIG LOTS STORES, INC., a Ohio Corporation; and DOES 1-100,<br><br>Defendants. | CASE NO. 09 CV 0057 BTM (CAB)<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER ACTION TO THE SOUTHERN DISTRICT OF OHIO**<br><br>**[NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT]**<br><br>Date:      June 5, 2009<br>Time:      11:00 a.m.<br>Judge:    Hon. Barry Ted Moskowitz<br>Courtroom: 15 |

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

On May 23, 2008, Big Lots Stores, Inc. ("Big Lots") commenced an action (the "Ohio Action") in the United States District Court for the Southern District of Ohio against Sorensen Research and Development Trust ("Sorensen"). On January 14, 2009, Jens Erik Sorensen, as trustee of Sorensen, filed the instant action in this Court. The parties to this action are the same as those in the Ohio Action. The causes of action asserted in this action are identical to those asserted in the Ohio Action. The issues raised in this action are the same as those raised in the Ohio Action. Accordingly, because the Ohio Action was the first to be filed, this action must be transferred to the Southern District of Ohio.

## II. ARGUMENT

### A. Big Lots Commenced the Ohio Action First

On May 23, 2008, Big Lots filed a Complaint for Declaratory Judgment against Sorensen in the United States District Court for the Southern District of Ohio. (A true and correct copy of the complaint from the Ohio Action (the "Ohio Complaint") is attached to the declaration of John M. Mueller as Exhibit A). On January 14, 2009, almost 8 months after the filing of the Ohio Action by Big Lots, Sorensen filed the present action in the Southern District of California. There is no question that the Ohio Action was filed prior to the present action.

### B. The Parties and Subject Matter of the Respective Cases are Identical

The Ohio Action revolves around the patent infringement allegations made by Sorensen that certain products manufactured in China and sold by Big Lots were made by a process that infringes the claims of U.S. Pat. No. 4,935,184 (the "'184 Patent"). More specifically, the Ohio Action is a declaratory judgment action that seeks a declaration that the accused allegedly infringing products could not have been made by a process that infringes any valid claim of the '184 Patent because the process used to make those products was well-known and in public use long before the filing date of the '184 Patent. The Ohio Action is currently pending.

On January 14, 2009, almost 8 months after the filing of the Ohio Action by Big Lots, Sorensen filed the present action in the Southern District of California. The present action alleges

infringement of the same '184 Patent asserted in the Ohio Action against the same products for which Big Lots seeks a declaration of non-infringement in the Ohio Action.

The parties and the claims in the two cases are the same. Both cases revolve around the '184 Patent, the claims thereof, the validity thereof, and the application of the claims (if valid) to the process used to make the allegedly infringing products. As such, the facts necessary to resolve the respective cases are the same, the discovery is the same, the witnesses are the same, and the issues of law are the same. Indeed, the only effective difference between the present action and the Ohio Action is that Sorensen is the plaintiff in the present action whereas Big Lots is the plaintiff in the Ohio Action.

### C. The First-to-File Rule Requires Transfer of the Present Action

The first-to-file rule provides that where, as here, two actions involving the same parties and issues have been filed in two different courts, the court in which the first case was filed should be the one that is allowed to proceed. *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93 (9th Cir. 1982). The court in *Pacesetter* stated as follows:

> There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. Normally sound judicial administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action. (Citations omitted.)

*Id.* at 94-95.

The first-to-file rule is a well-established doctrine designed to avoid duplicative litigation and promote efficiency, and "should not be disregarded lightly." *Id.* at 95. *See also Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991), in which the court stated that the first-to-file rule was developed to "serve the purpose of promoting efficiency well and should not be disregarded lightly." It may be invoked "when a complaint involving the same parties and issues has already been filed in another district." *Id.*

California district courts have previously applied the first-to-file rule in situations identical to the present case. For example, in *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 268 (C.D. Cal. 1998), the defendant (Precor)[1] sent a letter to plaintiff (Guthy-Renker) alleging patent infringement with respect to Guthy-Renker's sale of certain exercise equipment. Shortly after receiving the cease and desist letter from Precor, Guthy-Renker filed a declaratory judgment action alleging invalidity and non-infringement of the asserted patent in the Central District of California. *Id.* Following the filing of the declaratory judgment action by Guthy-Renker, Precor filed a patent infringement action in the District Court for the Western District of Washington asserting the exact same patent and the exact same facts that formed the basis for Guthy-Renker's declaratory judgment action. *Id.*

Precor then moved the California court to transfer the declaratory judgment action to the Western District of Washington. Precor argued that since Guthy-Renker's lawsuit was filed "solely for the purpose of preserving venue and avoiding the need to potentially litigate a patent infringement action in Washington," that it should be considered "anticipatory" in nature and not be subject to the general first-to-file rule. *Id.* at 269-271. In denying Precor's motion, the court stated that only three factors need be considered in deciding whether to apply the first-to-file rule, namely: "(1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *Id.* at 270. Since Guthy-Renker easily met each of the factors, the first-to-file rule was applied. The same analysis holds true here. Big Lots filed the Ohio Action first. The parties involved are identical. The issues are identical. The first-to-file rule should be applied.

---

[1] Icon Health & Fitness, Inc. was also sued as Precor's licensee.

### III.  CONCLUSION

Because Sorensen's present action in this District is barred under the first-to-file rule, the present case should be to the Southern District of Ohio.

Dated: April 23, 2009

TAFT STETTINIUS & HOLLISTER LLP
JOHN M. MUELLER *Pro Hac Vice Applicant*

By:  s/John M. Mueller
John M. Mueller *Pro Hac Vice Applicant*
E-Mail: mueller@taftlaw.com

Attorney for Defendant
BIG LOTS STORES, INC.

Dated: April 23, 2009

COOLEY GODWARD KRONISH LLP
KENT M. WALKER (173700)

By:  s/Kent M. Walker
Kent M. Walker (173700)
E-Mail: kmwalker@cooley.com

Attorney for Defendant
BIG LOTS STORES, INC.

629067 v1/SD