# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSON,<br><br>                              Plaintiff,<br>vs.<br>BIG LOTS STORES, INC., et al.,<br><br>                              Defendant. | CASE NO. 09cv57 BTM (CAB)<br><br>**ORDER DENYING MOTION TO TRANSFER VENUE** |

Defendant Big Lots Stores, Inc. ("Big Lots") moves the Court to transfer venue to the Southern District of Ohio. For the reasons explained below, Defendant's Motion to Transfer Venue is **DENIED**.

## I. BACKGROUND

On May 23, 2008, Big Lots filed a complaint for declaratory judgment against the Sorenson Research and Development Trust (the "Sorenson Trust") in the Southern District of Ohio (the "Ohio action"). However, Big Lots failed to serve the complaint on the Sorenson Trust as required by Federal Rule of Civil Procedure 4(m).

On January 14, 2009, Plaintiff Jens Erik Sorenson ("Sorenson"), who serves as Trustee for the Sorenson Trust, filed a complaint against Big Lots here, in the Southern District of California, alleging patent infringement (the "California action"). Big Lots answered on February 19, 2009.

On March 11, 2009, Judge Frost in the Southern District of Ohio directed Big Lots to

show cause why the Ohio action should not be dismissed for failure to serve the complaint on the Sorenson Trust. On March 27, 2009, Judge Frost gave Big Lots ten days to serve the Sorenson Trust. Service was finally effected on April 1, 2009.

On April 23, 2009, Big Lots filed a motion to transfer venue of the California action to the Southern District of Ohio.

## II. DISCUSSION

Big Lots argues that the Court should transfer this case to the Southern District of Ohio pursuant to the "first-to-file" rule. "There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 94–95 (9th Cir. 1982). Although generally, the court which first acquired jurisdiction should try the lawsuit, the first-to-file rule is not a rigid one. Id. at 95. Rather, the rule is meant to serve the purpose of promoting judicial efficiency. Id.

Big Lots and Sorenson agree that the parties and issues in the Ohio and California actions are the same. The two actions differ only in the remedies sought. Sorenson argues, however, that an exception to the first-to-file rule applies here because Big Lots "launched a 'preemptive strike' declaratory judgment action in the face of an impending infringement suit." Federation Internationale De Football Ass'n v. Nike, Inc., 285 F. Supp. 2d 64, 67 (D. D.C. 2003). The Court need not reach whether the "preemptive strike" exception to the first-filed rule applies here. Big Lots's failure to timely prosecute the Ohio action and considerations of judicial economy weigh strongly against transfer.

The Federal Circuit has noted that the first-to-file rule in patent declaratory judgment actions supports "the purpose of the Declaratory Judgment Act to enable a person caught in controversy to obtain resolution of the dispute, instead of being forced to await the initiative of the antagonist." Serco Services Co., L.P. v. Kelley Co., Inc., 51 F.3d 1037, 1039 (Fed. Cir. 1995) (quoting Genentech, Inc. v. Eli Lilly & Co., 998 F.2d 931, 937 (Fed. Cir. 1993)).

1  However, where the potential patent infringement defendant merely files a declaratory
2  judgment action, and takes absolutely no steps to serve the complaint or prosecute the case,
3  it cannot be said that the party legitimately uses the Declaratory Judgment Act.  See
4  Schumacher Electric Corp. v. Vector Products, Inc., 286 F. Supp. 2d 953, 955 (N.D. Ill. 2003)
5  (denying motion to transfer, declining to follow first-to-file rule, and finding an improper use
6  of the Declaratory Judgment Act where defendant first-filed two declaratory judgment actions
7  in another district but failed to prosecute them prior to plaintiff's suit).

8  Here, Big Lots filed its declaratory judgment action almost eight months before
9  Sorenson filed its patent infringement action.  Yet, Big Lots did not serve its complaint in the
10 Ohio action until two and a half months after Sorenson served its complaint in the California
11 action.  Moreover, Big Lots failed to comply with Rule 4(m) in the Ohio action.  Rather than
12 using the Ohio case for the legitimate purpose of timely resolving the patent dispute, Big Lots
13 used the action as a "date stamp" to draw upon if and when Sorenson actually filed suit.  It
14 does not appear that Big Lots has a real interest in prosecuting the Ohio action, as it took an
15 order to show cause why that case should not be dismissed to prod Big Lots to serve the
16 Ohio complaint.  Under these circumstances, reliance on the first-to-file rule is misplaced.
17 Cf. Mohr v. Margolis, Ainsworth, & Kinlaw Consulting, Inc., 434 F. Supp. 2d 1051, 1062 (D.
18 Kan. 2006) (declining to follow first-to-file rule in part because party failed to timely serve
19 complaint in first-filed state court declaratory judgment action, indicating defendant initiated
20 action solely to secure its choice of forum).  The first-to-file rule is designed to aid litigants
21 who file first and reasonably prosecute their actions.  Filing first and then sitting on the action
22 without service, as occurred here, renders the first-filed action filed in name only and not in
23 such substance as to accord it any priority.

24 Additionally, in this case, consideration of "[w]ise judicial administration, . . .
25 conservation of judicial resources, and comprehensive disposition of litigation," Pacesetter,
26 678 F.2d at 95 (quoting Kerotest Mfg Co. v. C-O-Two Fire Equipment Co., 342 U.S.180, 183
27 (1952)), direct that this case should remain in this district.  This Court presently has before
28 it over thirty cases involving the patent involved in the Ohio action.  (See Second Am. Notice

of Related Cases [Docket No. 27].) The large number of related cases before this Court will allow it to conserve judicial resources and more efficiently resolve this dispute. Allowing venue to remain here avoids the possibility of inconsistent claim constructions and validity determinations.

The Court finds that under the circumstances in this case, justice and expedience require an exception to the first-to-file rule. See Genentech Inc. v. Eli Lilly & Co., 998 F.2d 931, 937 (Fed. Cir. 1993) ("[t]he general rule favors the forum of the first-filed action . . . [e]xceptions, however, are not rare, and are made when justice or expediency requires"), overruled on other grounds by Wilton v. Seven Falls Co., 515 U.S. 277 (1995). Thus, Defendant's Motion to Transfer Venue is **DENIED.**

**IT IS SO ORDERED.**

**DATED: July 29, 2009**

*/s/ Barry Ted Moskowitz*
**Honorable Barry Ted Moskowitz**
**United States District Judge**